# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| Tony Baird, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| Thomas Lance Sullivan, Kaytlin | § | |
| Sullivan a/k/a Kaytlin Dianne | § | |
| O'Neal, Great Lakes Insurance SE | § | |
| (f/k/a Great Lakes Reinsurance (UK) | § | |
| Plc), McClelland & Hine, Inc., Gloria | § | |
| Valdez, The Littleton Group Eastern | § | |
| Division, Inc., and Rosalia | § | |
| Trojanowski, | § | |
|    Defendants. | § | |

## NOTICE OF REMOVAL

Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE) ("Great Lakes"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.    BACKGROUND

1.    On June 26, 2018, Plaintiff, Tony Baird ("Baird"), filed this action in the 88th Judicial District Court of Hardin County, Texas, bearing Cause No. 59423 (the "State Court Action"), against Thomas Lance Sullivan and Kaytlin Sullivan a/k/a Kaytlin Dianne O'Neal (collectively the "Sullivans"); Great Lakes Insurance SE (f/k/a Great Lakes Reinsurance (UK) Plc) ("Great Lakes"), McClelland and Hine, Inc. ("MHI"), Gloria Valdez ("Valdez"), The Littleton Group Eastern Division, Inc. ("TLG"), and Rosalia Trojanowski ("Trojanowski"). Baird's Original Petition (the "Complaint") is the live pleading in this case. Baird has demanded a jury. (A copy of the Complaint is attached in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2**).

2.    Baird served Great Lakes through its counsel on June 26, 2018. Great Lakes

appeared in the State Court Action on July 13, 2018.  This Notice of Removal of the State Court

Action to the United States District Court is timely filed by Great Lakes, it being filed no more

than thirty days after service of Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3.     Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C.

§§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Baird and the

properly joined defendant, Great Lakes, and (2) the amount in controversy exceeds $75,000,

exclusive of interest and costs.

## A.     There is complete diversity between Baird and the properly-joined defendant, Great Lakes.

4.     Baird's State Court Action may be removed to this Court because it arises under

28 U.S.C. § 1332.

5.     Baird is a resident of Hardin County, Texas. This is confirmed by two records.

First, Exhibit 1 to the Complaint identifies his mailing address as 130 Neel, Lumberton, Texas

77657.[1]    Second, the Hardin County, Texas Appraisal District indicates that 130 Neel,

Lumberton, Texas 77657, owned by Tony and Maria Baird, is designated as their homestead.[2]

Therefore, Baird is a citizen of Texas.

6.     Great Lakes is a foreign non-admitted surplus lines insurer engaged in the

business of insurance in the State of Texas and is incorporated and has its principal place of

business in Germany. Therefore, Great Lakes is a citizen of Germany.

7.     Thus, there is complete diversity of citizenship between Baird and the only

---

[1] Complaint, at Ex. 1.
[2] Pursuant to Federal Rule of Evidence 201, Great Lakes moves this Court to take judicial notice of the designation of 130 Neel, Lumberton, Texas 77657, as Tony and Maria Baird's homestead. This fact is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned (*i.e.*, the Hardin County Appraisal District). The fact may be determined at *Hardin County Appraisal District - Account # 005050-001000*, HARDIN COUNTY APPRAISAL DISTRICT, http://www.hardin-cad.org/(S(1y32q3fzewuso125rmzbodrl))/rgeneral.aspx?ID=33061&seq=1 (last updated, Apr. 5, 2018).

properly joined defendant, Great Lakes.

**B.      MHI, Valdez, TLG, and Trojanowski were improperly joined.**

8.      As the removing party, Great Lakes bears the burden of showing that federal jurisdiction exists and that removal is proper.[3]  Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter jurisdiction.[4]  The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premised on diversity jurisdiction by an improperly joined, non-diverse defendant."[5] Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[6]  "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing but may utilize a summary judgment-like procedure."[7]  Indeed, if submitted, the court may consider affidavits and deposition testimony filed with a defendant's removal petition.[8]

9.      Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[9]  In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might

---

[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[4] 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[5] *Borden v. Allstate Inc. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[6] *Smallwood*, 385 F.3d at 572.
[7] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[8] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, H-10-4134, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[9] *Smallwood*, 385 F.3d at 572; *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009); *Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 905 (W.D. Tex. 2005).

be able to recover against an in-state defendant."[10]  The potential recovery "must be reasonable, not merely theoretical."[11]  "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[12]

10.     As the Fifth Circuit recently held in *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, federal courts should use the federal pleading standard when conducting the Rule 12(b)(6)-type analysis for an improper joinder claim to determine if the plaintiff has stated a claim against a non-diverse defendant.[13]  A plaintiff fails to state a claim on which relief may be granted as required under Rule 12(b)(6) when a plaintiff's factual allegations do not show a right to relief that is plausible and rises above mere speculation.[14] "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[15] To do so, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."[17]

11.     To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[18]  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[19] The Court must not accept as true conclusory

---

[10] *Smallwood*, 385 F.3d at 572.
[11] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).
[12] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).
[13] *Int'l Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[15] *Id.*
[16] *Id.* at 678.
[17] *Id.*
[18] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[19] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

allegations or unwarranted deductions of fact.[20] The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action *will not do*."[21] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[22]

> **i.    MHI, Valdez, TLG, and Trojanowski were improperly joined because there is no reasonable basis for the Court to predict Baird might be able to recover against them.**

12.    Baird sued MHI, Valdez, TLG, and Trojanowski (MHI and Valdez collectively referred to as "the MHI Defendants"; TLG and Trojanowski collectively referred to as "the TLG Defendants") for violations of Section 541.060(a) of the Texas Insurance Code (the Unfair Settlement Practices Act), fraud, and conspiracy to commit fraud. There is no reasonable basis to predict Baird might be able to recover on any of his claims against the MHI Defendants or the TLG Defendants.

> **a.    Baird's allegations against the MHI Defendants and the TLG Defendants fail to meet the heightened Rule 9(b) pleading standard.**

13.    Tracking the statutory language of numerous provisions of Section 541.060(a) of the Texas Insurance Code, Baird alleges the MHI Defendants and the TLG Defendants:

- "[M]isrepresent[ed] to Plaintiff's [sic] material facts relating to the coverage at issue", citing TEX. INS. CODE § 541.060(a)(1);
- "[F]ail[ed] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear", citing TEX. INS. CODE § 541.060(a)(2)(A);
- "[F]ail[ed] to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim", citing TEX. INS. CODE § 541.060(a)(3);

---

[20] *Collins*, 224 F.3d at 498.
[21] *Twombly*, 550 U.S. at 555 (emphasis added).
[22] *Iqbal*, 556 U.S. at 667.

- "[F]ail[ed] within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff", citing TEX. INS. CODE § 541.060(a)(4);
- "[R]efus[ed] to pay Plaintiff's claim without conducting a reasonable investigation", citing TEX. INS. CODE § 541.060(a)(7); *and*
- "[K]nowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff."

14.    Baird fails to identify any specific facts regarding "the who, what, when, where, and how"[23] to support these conclusory allegations.  Each of Baird's claims against the MHI Defendants and the TLG Defendants, therefore, fail to meet the heightened Rule 9(b) pleading standard, and, by extension, fail to state a claim upon which relief may be granted.

15.    Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[24]  "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[25] As succinctly stated by the Fifth Circuit Court of Appeals, Rule 9(b) requires "the who, what, when, where, and how" of the alleged fraud to be pled.[26]

16.    Courts have consistently held that Rule 9(b) applies to claims under the Texas Insurance Code.[27]  For example, in *Z&W Enterprises*, the Southern District of Texas held the plaintiff's claims against the in-state adjuster defendants under the Texas Insurance Code were "sparse on particulars" and, thus, did not comply with the heightened pleading requirements of

---

[23] *Z&W Enterprises v. Great Lakes Reinsurance (UK) Plc, et al*, Case No. 7:16-CV-319, slip op. at 10 (S.D. Tex. Aug. 12, 2016).
[24] FED. R. CIV. P. 9(b).
[25] *Benchmark Elec., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. 2003).
[26] *Id.* (citing *Williams v. WMX Techs., Inc*., 112 F.3d 175, 179 (5th Cir.1997)).
[27] *Id.*

Rule 9(b).[28]  Specifically, the Court held that "Plaintiff fails to state a claim under Section 541.060(a)(1) against [the in-state adjuster defendants] because Plaintiff fails to allege any specific misrepresentation made by [the in-state adjuster defendants] about a material fact or policy provision relating to coverage under Plaintiff's policy."[29]

17.    Similarly, in *DiNoto v. USAA Cas. Ins. Co.*, the Southern District of Texas held the insured's mere tracking of the Texas Insurance Code provisions was insufficient to meet the pleading requirements of Rule 9(b).[30]  The insured in *DiNoto* failed to identify any specific alleged misrepresentations that the insurer made to the insured; therefore, the court dismissed the plaintiff's claims.[31]

18.    Again, in *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, the Western District of Texas held that a plaintiff must allege "specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."[32]  The court found that the plaintiff's factual allegations were not pled with enough specificity to distinguish particular facts from legal conclusions.[33] Therefore, the court granted the defendants' motion for judgment on the pleadings as the plaintiffs failed to meet the heightened pleading requirement of Rule 9(b) for plaintiff's claims under the Texas Insurance Code and DTPA.[34]

---

[28] *Z&W Enterprises v. Great Lakes Reinsurance (UK) Plc, et al*, Case No. 7:16-CV-319, slip op. at 10 (S.D. Tex. Aug. 12, 2016).
[29] *Id.*
[30] *DiNoto v. USAA Cas. Ins. Co.*, No. CIV.A. H-13-2877, 2014 WL 4923975, at *2 (S.D. Tex. Sept. 30, 2014).
[31] *Id.*
[32] *Spring St. Apts Waco, LLC v. Philadelphia Indem. Ins. Co.*, W-16-CA-00315-JCM, 2017 WL 1289036, at *4 (W.D. Tex. Apr. 6, 2017).
[33] *Id.*
[34] *Id.* at *15 ("A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).").

19.     As set forth in the cases cited above, Baird's claims against the MHI Defendants and the TLG Defendants under the Texas Insurance Code and for fraud are all subject to the heightened pleading requirements of Rule 9(b).[35]

20.     Baird's conclusory allegations fail to meet this heightened pleading standard and must be dismissed.  Baird fails to set forth *any* facts regarding "the who, what, when, where, and how" of its claims that the MHI Defendants and the TLG Defendants violated the Texas Insurance Code or engaged in fraud beyond his conclusory statements that only track the statutory provisions or common law fraud elements.

21.     Federal courts in Texas have consistently held that "mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster."[36]  Besides making general allegations that the MHI Defendants and the TLG Defendants failed to adequately investigate Baird's claim and prepare an estimate that met with Baird's approval, Baird makes no factual allegations, beyond conclusory assertions tracking the statutory language regarding *any* alleged wrongdoing or misrepresentations by the MHI Defendants and the TLG Defendants.  These bare-bones, form pleadings that simply parrot the vague language of various provisions of the Texas Insurance Code do not meet the heightened standard set forth in Rule 9(b).

22.     Baird's fraud allegations are similarly threadbare. Baird generally alleges the MHI Defendants and the TLG Defendants "knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material

---

[35] *Id.* (applying Rule 9(b) to DTPA and Texas Insurance Code claims) (citing *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532 (S.D. Tex. 2013); *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742–43 (S.D. Tex. 1998)); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (citing *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 824–25 (N.D. Tex. 2001) ("It is well-established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b).")).

[36] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, H-10-4134, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

information from Plaintiff"[37] and that "[e]ach and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which [Great Lakes, the MHI Defendants, and the TLG Defendants] knew were false or made recklessly without any knowledge of their truth as a positive assertion".[38] Yet Baird never "describe[s] above" the alleged fraudulent misrepresentations. Put another way, Baird doesn't allege the "who, what, when, where" of the fraud allegations. Such conclusory and wholly unsupported legal allegations fail to meet the heightened pleading standard of Rule 9(b).

23.     Therefore, there is no reasonable basis for the Court to predict Baird might be able to recover against the MHI Defendants or the TLG Defendants on any of his claims. In other words, the MHI Defendants and the TLG Defendants were improperly joined and their citizenship must be disregarded for purposes of federal subject matter jurisdiction.

### b. Baird provides no factual support demonstrating any actionable conduct specifically against the MHI Defendants and the TLG Defendants.

24.     On the face of the Complaint, there is no reasonable basis for predicting state law might impose liability on the MHI Defendants and the TLG Defendants.  Baird has alleged absolutely no facts demonstrating actionable conduct against the MHI Defendants and the TLG Defendants.[39]   Indeed, the *only* allegations in the entire Complaint that even specifically reference the MHI Defendants and the TLG Defendants by name, independent of the other defendants, merely provide service instructions.[40]   Because Baird makes no attempt to provide any factual support demonstrating any actionable conduct specifically against the MHI

---

[37] Complaint, ¶ 30.
[38] Complaint, ¶ 55.
[39] *See Jimenez v. Travelers Indem. Co.*, 2010 WL 1257802, at *6 (S.D. Tex. March 25, 2010) ("[T]he Court finds that it is in full agreement with Defendants that Ingrid Bal was improperly joined to defeat diversity jurisdiction. Plaintiffs have failed to allege any specific facts demonstrating actionable conduct against Bal, no less against her in her role as an alleged adjuster liable under Texas law, nor to differentiate between the conduct of the two Defendants.").
[40] Complaint, ¶¶ 5–8.

Defendants and the TLG Defendants, there is no reasonable possibility of recovery against the MHI Defendants and the TLG Defendants, and each of them have been improperly joined.

25.     Further, Baird brings causes of action and proffers allegations against "Defendants" or Great Lakes "through its adjusters, McClelland and Hine, Inc, [sic], Gloria Valdez, The Littleton Group and Rosalia Trojanowski" collectively, making no distinction as to which, if any, of the allegations relate to any one of the MHI Defendants or the TLG Defendants in particular.   There is no way for each of the MHI Defendants and the TLG Defendants to discern from the Complaint which, if any, of Baird's claim and allegations are being asserted against them distinctly.

26.     The Complaint provides absolutely no notice of the facts upon which Baird's claims against the MHI Defendants and the TLG Defendants are based as distinguished from the remaining defendants.   In fact, the Complaint is similar to the "form" petition held to be deficient by the Southern District of Texas in *TAJ Properties, LLC v. GAB Robins North America, Inc.*[41] In *TAJ Properties, LLC*, the Court determined the plaintiff's failure to distinguish the conduct of an in-state defendant from that of the other defendants and the plaintiff's "mere tracking of the vague language of the statutes fails to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster."[42]

27.     Similarly, in *Hay v. American Western Home Insurance Company*, the Southern District of Texas held an in-state defendant was improperly joined where the plaintiff "fail[ed] to distinguish the alleged conduct of [the in-state defendant] from the conduct of the [diverse defendant]."[43]   The Southern District further stated: "[a]s Plaintiff's counsel is well aware, this

---

[41] *TAJ Properties, LLC v. GAB Robins North America, Inc.*, H-10-4134, 2011 WL 2162321, at *5 (S.D. Tex. June 2, 2011).
[42] *Id*.
[43] *Hay v. Western Home Ins. Co.*, No. 7:14-CV-522 (S.D. Tex. 2014).

practice of lumping diverse and non-diverse defendants together without distinguishing the basis for individual responsibility has been found insufficient on numerous occasions by the Fifth Circuit, this Court, and sister courts in this district."[44]

28.    For these same reasons, the MHI Defendants and the TLG Defendants have been improperly joined as defendants in this action solely in an attempt to defeat diversity jurisdiction. Accordingly, the MHI Defendants and the TLG Defendants' citizenship can and should be disregarded.[45]

<blockquote>

c.    **Baird fails to state a claim against the MHI Defendants and the TLG Defendants for violations of Section 541.060(a)(1) of the Texas Insurance Code.**

</blockquote>

29.    Tracking the language of Section 541.060(a)(1) of the Texas Insurance Code, Baird alleges the MHI Defendants and the TLG Defendants "misrepresent[ed] to Plaintiff's [sic] material facts relating to the coverage at issue."[46]    There is no reasonable basis to predict that Baird can recover on his claim that the MHI Defendants and the TLG Defendants violated Section 541.060(a)(1) because all of Baird's allegations regarding the MHI Defendants and the TLG Defendants relate to their inspection of the Property, not details of the policy or coverage at issue.

30.    Section 541.060(a)(1) prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."[47]    Judge Crane in the Southern District of Texas recently held in *Hay* that an in-state adjuster was improperly joined and the plaintiff failed to state a claim against the in-state adjuster under this provision.    The plaintiff in *Hay* alleged the

---

[44] *Hay v. Western Home Ins. Co.*, No. 7:14-CV-522, slip op. (S.D. Tex. 2014) (citing *Griggs*, 181 F.3d at 699; *Gayton et al v. Great Lakes Reinsurance (UK) PLC et al*, No.7:14-CV-229 (S.D. Tex. July 3, 2014); *Castlebrook at Ridgeview Homeowners Ass'n v. Starr Surplus Lines Ins. Co.*, No. 4:12CV652, 2013 WL 949860, at *4 (E.D. Tex. Jan. 30, 2013); *TAJ Properties, LLC v. GAB Robins N. Am., Inc.*, H-10-4134, 2011 WL 2162321, at *4-5 (S.D. Tex. June 2, 2011)).
[45] *Smallwood*, 385 F.3d at 576.
[46] Complaint, at ¶49.
[47] TEX. INS. CODE § 541.060(a)(1).

in-state adjuster violated Section 541.060(a)(1) by "misrepresenting one or more material facts and/or policy provisions relating to coverage."[48]   The Court held "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage"[49]   "[A]ctions or omissions by an adjuster in making an inspection are not within the scope of § 541.060(a)(1) because they do not relate to the coverage at issue."[50]   The Court in *Hay* held the plaintiff failed to state a claim under Section 541.060(a)(1) because "aside from her conclusory assertion that he violated this provision—Ms. Hay fails to allege that [the adjuster] made any misrepresentation about the details of the policy at issue."[51]

31.     Similarly, in *Messersmith v. Nationwide Mut. Fire Ins. Co.*, the Northern District stated that a misrepresentation under this section "must be about the details of the policy, not the facts giving rise to a claim for coverage."[52]   "[The adjuster] would have had to represent that [the insured] would receive a particular kind of policy that it did not receive or denied coverage against a loss under specific circumstances that it previously had represented would be covered."[53]   In *Messersmith*, the plaintiff alleged the adjuster claimed "there was no damage to [the insured's] roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage."[54]   The Northern District found these allegations did not give rise to a claim against the adjuster defendant because they were not about the breadth or existence of coverage.  Instead the allegations were about the facts that gave rise to a claim under the policy.[55]

---

[48] *Id.*
[49] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235, slip op. at 7 (S.D. Tex. Aug. 4, 2016).
[50] *Id.*
[51] *Id.*
[52] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721 (N.D. Tex. 2014).
[53] *Id.* at 724 (quoting *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex. 1983))).
[54] *Id.* at 724 (quotation marks removed).
[55] *Id.*

32.    Further, several federal courts have held that "even though an adjuster is a 'person' under the Insurance Code, an adjuster cannot be held liable for violation of the [Texas Insurance] Code unless he causes an injury distinguishable from the insured's actions."[56]  "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage."[57]  Further, "post loss statements regarding coverage are not misrepresentations under the Insurance Code."[58]

33.    Specifically, the Southern District of Texas has held on numerous occasions that when an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster.[59]  For example, in *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, the court held "[s]pecified paragraphs in the petition are directed to [the adjuster], but for the most part they merely track the statutory provisions, alleging only that [the adjuster] inspected the Property and that he submitted an undervalued repair estimate. . . . These actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions."[60]  Based on this conclusion, the court denied the plaintiffs' motion to remand.[61]  Similarly, in *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, the Southern District of Texas dismissed an insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence,

[56] *Aguilar v. State Farm Lloyds*, No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (citing *Nasti v. State Farm Lloyds*, No. 4:13–CV–1413, 2014 WL 710458, at *3 (S.D. Tex. Feb. 19, 2014); *Novelli v. Allstate Texas Lloyd's*, No. H–11–2690, 2012 WL 949675, at *4–5 (S.D. Tex. Mar. 19, 2012)).
[57] *Id.* (citing *Messersmith*, 10 F.Supp.3d at 724.
[58] *Id.* (citing *Texas Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 445–56 (Tex.2012); *One Way Investments, Inc. v. Century Surety Co.*, No. 3:14–CV–2839, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014)).
[59] *Nasti*, 2014 WL 710458, at *3.
[60] *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H–10–1846, 2011 WL 240335, at *14 (S.D. Tex. Jan.20, 2011).
[61] *Id.*

**Federal Notice of Removal**                                                    **Page 13 of 29**

claims against the insurer."[62]

34.     The allegations in this case are no different. Baird alleges the MHI Defendants and the TLG Defendants conducted a substandard inspection of the property and failed to prepare an adequate report of the alleged damage.  On the face of these allegations, Baird has failed to state a claim against the MHI Defendants and the TLG Defendants for a violation of Section 54.1060(a)(1).  Just as in the cases cited above, the MHI Defendants and the TLG Defendants' alleged actions are indistinguishable from Great Lakes' alleged actions, and all of Baird's allegations regarding the MHI Defendants and the TLG Defendants relate solely to the inspection of the property. Beyond merely tracking the language of the Texas Insurance Code, which is insufficient to state a claim upon which relief may be granted, Baird makes no factual allegation that the MHI Defendants and the TLG Defendants made any representations to him regarding provisions of the policy or the breadth and existence of coverage, as is required to state a claim under Section 541.060(a)(1).[63]  Further, Baird has not and cannot allege that the MHI Defendants and the TLG Defendants had authority to settle claims or make coverage determinations.  Therefore, based on the allegations in the Complaint, there is no reasonable basis to predict Baird can recover against the MHI Defendants and the TLG Defendants for any violation of Section 541.060(a)(1).

> **d.   Baird fails to state a claim against the MHI Defendants and the TLG Defendants for violations of Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.**

35.     Tracking the language of Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, Baird alleges the MHI Defendants and the TLG Defendants:

---

[62] *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, No. 4:10–CV–4519, 2012 WL 4052914, at *3 (S.D. Tex. Sept 13, 2012).

[63] *See TAJ Properties, LLC v. GAB Robins North America, Inc.*, H-10-4134, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (holding the plaintiffs' its mere tracking of the vague language of the statutes fail to state a reasonable basis for predicting that the Texas Insurance Code would allow recovery against the in-state adjuster).

- "[F]ail[ed] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear", citing TEX. INS. CODE § 541.060(a)(2)(A);
- "[F]ail[ed] to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim", citing TEX. INS. CODE § 541.060(a)(3);
- "[F]ail[ed] within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff", citing TEX. INS. CODE § 541.060(a)(4); *and*
- "[R]efus[ed] to pay Plaintiff's claim without conducting a reasonable investigation", citing TEX. INS. CODE § 541.060(a)(7).

36.    Addressing many of these same allegations under the same Texas Insurance Code provisions, the Court stated in *Hay* that "[e]ach of these violations is based on one common thread of liability: the denial of a valid claim."[64]  The Court further held:

> *Even assuming that an adjuster may be held liable for these provisions, Ms. Hay has pled no facts alleging that, as an adjuster, Mr. Lopez had any authority to settle claims on behalf of Great Lakes.  Nor has Ms. Hay alleged that Mr. Lopez had any control over the timeliness of communications regarding her claim, or that he contributed in some way to a delay in the disposition of her claim. Instead, she merely claims that his investigation was "outcome-oriented," without alleging any facts that would plausibly give rise to any liability against Mr. Lopez under these provisions.*[65]

Thus, the Court determined the plaintiff failed to state a claim against the in-state adjuster under Sections 541.060(a)(2), (a)(3), and (a)(4), and the in-state adjuster was improperly joined because the plaintiff failed to allege any facts that the adjuster had any authority to settle claims on behalf of Great Lakes or had any control over the timeliness of communications regarding the claim.[66]

37.    Following this same reasoning, the Southern District, in *Lopez v. United Prop. & Cas. Ins. Co.*, recently held "[t]he majority of federal courts that have addressed [Section

---

[64] *Id.* at *8.
[65] *Id.* (emphasis added).
[66] *Id.*

541.060(a)(2)(A)] have found that this section applies only to insurers, and that it does not apply to adjusters" because the adjuster does not have settlement authority on behalf of the insurer.[67]

38.    The same reasoning can be applied to a claim under Texas Insurance Code Section 541.060(a)(7) for "refusing to pay a claim without conducting a reasonable investigation with respect to the claim," as adjusters do not have authority to pay a claim on behalf of the insured.  In *Lopez*, the Court also stated that "other federal courts have held that [Sections 541.060(a)(3) and (a)(4)] are not applicable to adjusters" because these provisions are "aimed at the timeliness of communications to an insured" and "none of [the insured's] allegations against [the adjuster] assert that she was untimely or slow to act."[68]  "Instead, [the insured] complains that [the adjuster's] investigation was 'substandard.'"[69]  For these reasons, the Court in *Lopez* found the plaintiff had failed to state a claim against the in-state adjuster under Sections 541.060(a)(2)(A), (a)(3), and (a)(4) of the Texas Insurance Code.[70]

39.    Further, regarding Section 541.060(a)(3), the Court in *Mainali Corp. v. Covington Specialty Ins. Co.* held "an adjuster cannot be held liable under § 541.060(a)(3) because an

---

[67] *Lopez v. United Prop. & Cas. Ins. Co*., No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) (citing *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co*., 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'") (quoting *Messersmith*, 10 F.Supp.3d at 724); *Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as Section 541.060(a)(2)(A) apply "only to the insurer-insured relationship"); *Richardson E. Baptist Church v. Philadelphia Indem. Ins. Co.*, 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex. App.—Dallas Mar. 30, 2016, no pet. h.). *But see Roach v. Vehicle*, No. 3:15–CV–3228–G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016) (finding adjusters may be liable under Section 541.060(a)(2) because "the insurance adjuster, as the person primarily responsible for investigating and evaluating insurance claims, has the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon his investigation that the insurance company's settlement of a claim is generally based.")).

[68] *Id.* (citing *Mainali Corp. v. Covington Specialty Ins. Co*., 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) ("[A]n adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim."); *One Way Investments, Inc. v. Century Sur. Co*., 3:14–CV–2839–D, 2014 WL 6991277, at *5 (N.D. Tex. Dec. 11, 2014) ("[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder.")).

[69] *Id.*

[70] *Id.*

adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise or settlement of a claim."[71]

40.    Regarding section 541.0606(a)(4), the court in *One Way Investments, Inc.* held "an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder."[72]

41.    In this case, Baird does not and cannot contend that the MHI Defendants and the TLG Defendants had settlement authority on behalf of Great Lakes or that they were untimely or slow to act.  Rather, their sole role was to assess the alleged damage to the property.  This is reflected by the fact that all of the "factual" allegations in Baird's Complaint regarding the MHI Defendants and the TLG Defendants only relate to the inspection of the property.  The MHI Defendants and the TLG Defendants were under no obligation to provide Baird with an explanation for the insurer's decision on the claim at issue.  Additionally, Baird has not and cannot allege the MHI Defendants and the TLG Defendants had authority on behalf of Great Lakes to affirm or deny coverage.  Baird failed to state a claim against the MHI Defendants and the TLG Defendants under Sections 541.060(a)(2), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, and, thus, the MHI Defendants and the TLG Defendants were improperly joined.

       **e.    Baird's remaining allegations against the MHI Defendants and the TLG Defendants fail to state a claim for relief under the Texas Insurance Code.**

42.    Baird also alleges the MHI Defendants and the TLG Defendants:

- "[S]ent Plaintiff a denial of claim letter stating that the damage was not caused by a covered peril";
- "[C]onducted an initial, outcome-oriented, investigation";

---

[71] *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015)

[72] *Id.*

- "[D]id not conduct reasonable investigations and/or inspections of the premises and failed to make reasonable attempts to pay full benefits due and owing under the policy of insurance and claims at issue, even after being presented with an estimate of the vandalism damage";
- "[K]nowingly and intentionally minimized Plaintiff's claims";
- "[F]ailed to fully compensate Plaintiff for the vandalism-related losses when the insurance carrier's liability was reasonably clear";
- "[W]holly denied the claim in an effort to minimize the payment to Plaintiff";
- "[F]ailed to fully calculate the nature, extent, and amount of the loss, again in an effort to minimize the payment to Plaintiff";
- "[M]isrepresented the nature and extent of the damages caused by the vandalism and grossly underpaid Plaintiff based on the value of the property; all leading to a substantial underpayment (non-payment) of policy benefits to Plaintiff";
- Did not address "all of the structural damage related to vandalism";
- Did not hire "a qualified adjuster/inspector to adjuster the loss";
- Did not author "a reasonable estimate based on the extent of the vandalism damage";
- Did not "timely issue proper/full payment";
- Mailed "a fraudulent denial letter, when vandalism coverage [was] clearly available under the insurance policy"; *and*
- Failed "to honor Plaintiff's Insurance Code Demand letter".[73]

These allegations do not state a claim upon which relief may be granted.

43.     Judge Crane recently addressed almost identical allegations in *Hay* and held "[a]s for the allegations that Mr. Lopez ignored damage known to be covered by the Policy and conducted an 'outcome-oriented investigation' in order to provide Great Lakes with a basis of underpaying her claim, [the insured] does not make clear—and the Court cannot identify—any provision of the Code which is violated by such actions."[74]  The Court further held "[e]ven if an 'outcome-oriented investigation' does violate some provision of the Insurance Code, the Court considers that, here too, the underlying allegation is that Great Lakes underpaid [the insured's] claim.  [The insured] has failed to allege any prohibited action taken by [the in-state adjuster]

---

[73] Complaint, ¶¶ 13–17.
[74] *Hay v. Great Lakes Reinsurance (UK) SE, et al*, Case No. 7:16-cv-00235, slip op. at 8–9 (S.D. Tex. Aug. 4, 2016).

that is distinct from Great Lakes' underpayment."[75]

44.    And in *Messersmith*, the Northern District of Texas considered allegations that an adjuster and adjusting firm misrepresented the scope of damages caused by the storm at issue, as Baird does here.[76]  The Court held "[t]he problem with [the insured's] allegations is that the statements do not 'relate[] to coverage at issue.'  The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage.  [The adjuster] would have had to represent that [the insured] 'would receive a particular kind of policy that it did not receive' or 'denied coverage against loss under specific circumstances that it previously represented would be covered.'  Here, the misrepresentation is not about the breadth or existence of coverage, it is about the facts that gave rise to a policy claim."[77]  Thus, the Court held the insured's allegations did not give rise to a claim under the Texas Insurance Code.[78]

45.    For the same reasons, Baird's similar allegations in this case fail to state a claim. As the Court held in *Hay*, the MHI Defendants and the TLG Defendants' alleged actions do not violate any provision of the Texas Insurance Code.  Additionally, Baird's underlying allegation in this lawsuit is that Great Lakes—not the MHI Defendants and the TLG Defendants—allegedly underpaid Baird's claim.  Baird has failed to allege any prohibited action by the MHI Defendants and the TLG Defendants that is distinct from Great Lakes' alleged underpayment.

46.    For these reasons, Baird has failed to state a claim upon which relief may be granted against the MHI Defendants and the TLG Defendants under the Insurance Code, rendering them improperly joined.

---

[75] *Id.* at 9.
[76] *Messersmith*, 10 F.Supp.3d at 724.
[77] *Id.* (citing *Confederate Air Force*, 16 F.3d AT 91).
[78] *See id.*

**C.    The Sullivans were misjoined; their citizenship cannot defeat diversity jurisdiction.**

47.    Misjoinder of parties arises when the conditions of permissive joinder under Federal Rule of Civil Procedure 20(a) are not satisfied.[79]  Under Rule 20, parties may be joined in one action as defendants if (a) claims asserted against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) the action involves a question of law or fact common to all defendants.[80]  "If these [FRCP 20(a) joinder] requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants."[81]  The Fifth Circuit has long held that when there is no reasonable basis for a non-diverse defendant's joinder with other defendants, the presence of the non-diverse, misjoined defendant cannot defeat diversity jurisdiction.[82]

48.    To satisfy the same-transaction-or-occurrence requirement, the claims must have arisen from similar factual backgrounds and be logically related.[83]  To satisfy the common-question requirement, all parties must share at least one common question of law or fact.[84]  If a party is misjoined, the court can "drop" (*i.e.*, dismiss) the party from the suit or sever the claim against the misjoined party.[85]

49.    The Sullivans' presence in this lawsuit does not defeat diversity jurisdiction. Baird alleges the Sullivans violated the lease agreement.[86]  The Sullivans were misjoined and their citizenship should be disregarded because (a) Baird's claim against the Sullivans does not

---

[79] *American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F.Supp. 164 (D.C. Virgin Islands 1975).
[80] FED. R. CIV. P. 20(a)(2).
[81] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (emphasis added).
[82] *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) (recognizing that misjoinder of either defendants or plaintiffs is not permissible to circumvent diversity jurisdiction); *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins.*, 670 F.Supp. 2d 555, 559 (N.D. Tex. 2009) (explaining that a party may not misjoin claims by including a non-diverse party in order to defeat diversity). *See also In re Diet Drugs Prods. Liab. Litig.*, 294 F. Supp. 2d 667, 673 (E.D. Pa. 2003) (party may not prevent removal based on diversity of citizenship if there is no reasonable basis for the joinder of that non-diverse party with the other similarly aligned parties).
[83] *See In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010).
[84] FED. R. CIV. P. 20(a)(2)(B).
[85] *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006); FED. R. CIV. P. 21.
[86] Complaint, ¶¶ 59–60.

arise out of the same transaction, occurrence, or series of transactions or occurrences as Baird's claims against Great Lakes, the MHI Defendants, and the TLG Defendants and (b) there are no questions of law or fact common to all defendants.[87]   While failing to meet only one of Rule 20(a)(2)'s requirements establishes misjoinder, the following will demonstrate Baird's failure to meet *both* requirements, which merits a finding of misjoinder.

> **i.   Baird's claims against the Sullivans does not arise out of the same transaction, occurrence, or series of transactions or occurrences as Baird's other claims against Great Lakes, the MHI Defendants, and the TLG Defendants.**

50.     Baird's claim against the Sullivans does not arise from the same transaction, occurrence, or series of transactions or occurrences as Baird's claims against the remaining defendants because Baird's claims against Great Lakes, the MHI Defendants, and the TLG Defendants are premised on an "outcome-oriented investigation" that led "to a substantial underpayment (non-payment) of policy benefits to Plaintiff".[88]   By contrast, Baird's claim against the Sullivans focuses on whether they "breached their lease agreement" on account of "their destruction and vandalism to the property."[89]   The crucial aspects of Baird's claims against the Sullivans, as compared to his claims against Great Lakes, the MHI Defendants, and the TLG Defendants, are separate and distinct and simply do not arise from the same transaction or occurrence.

51.     The conduct at issue between the distinct claims did not occur at the same time, in the same place, and did not involve the same parties or events.  Notably, the Sullivans are alleged to have destroyed and vandalized the property during their tenancy in late 2015 through August 2016. Baird's causes of action against Great Lakes, the MHI Defendants, and the TLG

---

[87] FED. R. CIV. P. 20(a)(2).
[88] Complaint, ¶¶ 14, 17.
[89] Complaint, ¶ 59.

Defendants arise from an investigation that occurred in October 2016.

52.     It is telling that the Complaint only references the Sullivans with respect to service instructions, a single sentence identifying them as the cause of the damage underlying Baird's claims against Great Lakes, the MHI Defendants, and the TLG Defendants, the legal allegation of breach of contract, and a single sentence regarding damages.  Nowhere else in the Complaint does Baird refer to the Sullivans.  Thus, the Sullivans have been misjoined as defendants in this action. Their non-diverse citizenship can and should be disregarded.

     **ii.**   **Baird's claim against the Sullivans does not involve a single question of law or fact common to Great Lakes, the MHI Defendants, and the TLG Defendants.**

53.     Baird has brought claims against Great Lakes for breach of contract, failure to promptly pay his claim under Chapter 542 of the Texas Insurance Code, violations of Chapter 541 of the Texas Insurance Code, and breach of its duty of good faith and fair dealing. Baird filed claims against the MHI Defendants and the TLG Defendants for various violations of Chapter 541 of the Texas Insurance Code.  None of these causes of action involve a question of law or fact common to Baird's breach of contract claim against the Sullivans as required by Rule 20.  Under these circumstances, when no common relief is demanded from the defendants, misjoinder is often found to have occurred.[90]  The Sullivans were misjoined.

54.     Baird alleges the Sullivans breached their lease agreement by destroying and vandalizing the property.[91]  Whether or not the Sullivans breached the lease agreement is a question distinct to the Sullivans. Put another way, the answer to that question has no relation to or bearing on Baird's various common law and statutory claims against Great Lakes, the MHI

---

[90] *See Coalition to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality by any Means Necessary v. Regents of the Univ. of Mich.*, 701 F.3d 466, 489 (6th Cir. 2012), *rev'd on other grounds*, 572 U.S. 291 (2014) (under the common-question requirement, misjoinder often occurs when no relief is demanded from one or more of the parties joined as defendants).
[91] Complaint, ¶ 59.

Defendants, and the TLG Defendants, which relate solely to their investigation of Baird's property damage claim.

55.    In addition, the facts giving rise to Baird's claim against the Sullivans are not common to the facts giving rise to Baird's claims against Great Lakes, the MHI Defendants, and the TLG Defendants.  Again, the conduct Baird complains of concerning the Sullivans occurred well-before the conduct related to Great Lakes, the MHI Defendants, and the TLG Defendants. Notably, Baird only passingly references the Sullivans in his "Facts" section, otherwise only referring to the investigation and handling of his claim as it relates to Great Lakes, the MHI Defendants, and the TLG Defendants.[92]

56.    For these reasons, the Sullivans were misjoined and should not be considered for purposes of assessing diversity jurisdiction.

### iii.    Baird's claim against the Sullivans also constitutes fraudulent misjoinder.

57.    "[F]ailure to comply with the joinder requirements of Federal Rule of Civil Procedure 20 can, in certain limited circumstances, 'be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possible cause of action.'"[93]  The fraudulent misjoinder analysis is two-fold: (1) has one defendant been misjoined with another defendant in violation of the applicable joinder rules, and (2) if so, is the misjoinder sufficiently egregious to rise to the level of a fraudulent misjoinder.[94]

58.    The first step of the analysis tracks the requirements of the relevant state joinder rule;  here, Texas Rule of Civil Procedure 40.[95]  Texas Rule 40 provides that defendants may be joined together in the same action only if (a) there is asserted against them jointly, severally, or

---

[92] Complaint, ¶¶ 13–31.
[93] *Tex. Instruments Inv. v. Citigroup Global Markets, Inc.*, 266 F.R.D. 143, 147 (ND. Tex. 2010).
[94] *Centaurus Unity v. Lexington Ins. Co.*, 766 F.Supp.2d 780, 789 (S.D. Tex. 2011).
[95] *Tex. Instruments Inv.*, 266 F.R.D. at 147.

in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and (b) at least one question of law or fact common to all of them will arise in the action.[96]  These requirements are borrowed from federal law, Federal Rule of Civil Procedure 20 in particular.[97]

59.     If a party has been misjoined, the next question is whether the misjoinder was fraudulent. For misjoinder to be fraudulent, "the misjoined parties and claims must be wholly distinct and have no real connection to each other, such that their joinder is bordering on a sham" or if the misjoinder was "grossly improper, totally unsupported, and lacks any colorable basis, if the claims are wholly unrelated, or if the relationship between the claims is so tenuous that they lack any palpable connection."[98] The Fifth Circuit's take on the issue suggests that misjoinder is fraudulent in three situations (1) multiple lawsuits with little to no party overlap combined in the same action; (2) numerous plaintiffs suing a common defendant and asserting distinct claims; and (3) a single plaintiff joining multiple actions in the same suit, asserting claims against each that are legally and factually unrelated.[99]

### a. Baird's claim against the Sullivans does not satisfy the joinder requirements under Texas Rule of Civil Procedure 40(a).

60.     As with Federal Rule of Civil Procedure 20, Baird's claim against the Sullivans (a) does not arise out of the same transaction, occurrence, or series of transactions or occurrences as Baird's claims against Great Lakes, the MHI Defendants, and the TLG Defendants and (b) there are no questions of law or fact common to all defendants.  Particularly, Baird's claims against Great Lakes, the MHI Defendants, and the TLG Defendants are premised on an outcome-

---

[96] *Id.*
[97] *See id.*
[98] *Id.* at 149.
[99] *Id.*

oriented, investigation purportedly leading to the underpayment of Baird's claim.[100]  By contrast, Baird's claim against the Sullivans focuses on whether they breached the lease agreement by destroying and vandalizing the property.[101]  Just as Baird failed to satisfy the permissive joinder requirements of Federal Rule 20, he fails to satisfy the joinder requirements of Texas Rule 40.

### b.  Baird's misjoinder of the Sullivans is fraudulent.

61.    Baird's misjoinder of the Sullivans rises to the level of fraudulence because Baird's claim against the Sullivans is wholly unrelated to Baird's claims against the Great Lakes, the MHI Defendants, and the TLG Defendants.[102]  Moreover, the relationship between the claims is so tenuous that they lack any palpable connection.[103]  Courts within the Fifth Circuit routinely find fraudulent misjoinder under similar circumstances.

62.    For example, in *Nsight Tech., LLC v. Fed. Ins. Co.*, a company sued its former employee for conversion, alleging she embezzled company funds.[104]  In the same action, the company also sued its insurer for bad-faith breach of an employee-theft insurance policy.[105]  The court found that the conversion claim and the breach of contract/bad faith claim arose out of separate allegations of wrongdoing occurring at separate times.[106]  Thus, the claims against the diverse insurer and the non-diverse former employee had been fraudulently misjoined.[107]  The court emphasized that the two claims raised different factual issues, turned on different legal issues, and would be proved by different evidence.[108]

63.    Just as was the case in *Nsight*, Baird's claim against the Sullivans and his claim

---

[100] Complaint, ¶¶ 14, 17.
[101] Complaint, ¶¶ 13, 59.
[102] *Tex. Instruments Inv.*, 266 F.R.D. at 149.
[103] *Id.*
[104] *Nsight Tech., LLC v. Fed. Ins. Co.*, 2009 WL 1106868, at *1 (S.D. Miss. 2009).
[105] *Id.*
[106] *Id.*
[107] *Id.* at *4.
[108] *Id.*

against Great Lakes, the MHI Defendants, and the TLG Defendants arose out of separate allegations of wrongdoing occurring at separate times.  Namely, the Sullivan's wrongdoing concerns its alleged breach of the lease agreement by destroying and vandalizing the property, whereas Great Lakes', the MHI Defendants', and the TLG Defendants' wrongdoing relates to their alleged failure to properly investigate and pay Baird's property damage claim. Additionally, these separate allegations of wrongdoing occurred at separate times: the Sullivans' wrongdoing having allegedly occurred prior to August 1, 2016, and Great Lakes', the MHI Defendants', and the TLG Defendants' wrongdoing having supposedly occurred in October 2016. Finally, the claims raise different factual issues, turn on different legal issues, and would be proved by different evidence.  Thus, the claims against the Sullivans have been fraudulently misjoined with the claims against Great Lakes, the MHI Defendants, and the TLG Defendants. The Sullivans' citizenship should not be considered for purposes of assessing diversity jurisdiction.

**D.     The amount in controversy exceeds $75,000.**

64.    Baird is seeking "monetary relief over $200,000 but not more than $1,000,000."[109]  Because the face of the Complaint establishes Baird seeks damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.    VENUE

65.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 88th Judicial District Court of Hardin County, Texas, the forum in which the removed action was pending.

---

[109] Complaint, ¶11(a).

## IV.    ADDITIONAL REQUIREMENTS

66.    Great Lakes has provided notice to Baird through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Baird's counsel of record, and has also provided notice to the Clerk of Court for the 88th Judicial District Court of Hardin County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the State Court Action.

67.    Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as **Exhibit C** as required by 28 U.S.C. § 1446(a).[110]

68.    Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

**Exhibit A**:        Listing of All Parties and Counsel of Record;

**Exhibit B**:        Civil Cover Sheet;

**Exhibit C**:        Index of All Documents Filed in State Court Action;

**Exhibits C-1 - C-15**:  Copies of all filings in State Court Action and State Court Docket Sheet; and

**Exhibit D**:        List of Action Being Removed.

WHEREFORE, Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE), prays that this matter be removed to the United States District Court for the Eastern District of Texas for further proceedings and disposition.

---

[110] *See* Exhibit C:  Index of All Documents Filed in State Court Action.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
A Professional Corporation

By:   */s/ Kimberly A. Chojnacki*
        Kimberly A. Chojnacki
        State Bar No. 24068696
        kchojnacki@bakerdonelson.com
        Valerie Henderson
        State Bar No. 24078655
        vhenderson@bakerdonelson.com
        1301 McKinney Street, Ste. 3700
        Houston, Texas 77010
        (713) 286-7171
        (713) 456-2714

        **Attorneys for Defendant, Great
        Lakes Insurance SE (formerly
        known as Great Lakes
        Reinsurance (UK) SE)**

## CERTIFICATE AND NOTICE OF FILING

I certify that on July 20, 2018, the Notice of Removal was sent to the 88th Judicial District Court of Hardin County, Texas, and that written notice of filing of the Notice of Removal was served via electronic service upon the attorney of record for Plaintiff.

        */s/ Kimberly A. Chojnacki*
        Kimberly A. Chojnacki

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 20, 2018, the foregoing Notice of Removal was served on counsel for Plaintiff via electronic service pursuant to the Federal Rules of Civil Procedure.

John Pat Parsons
Lindsay, Lindsay & Parsons
710 N. 11th Street
Beaumont, Texas 77702
jparsons@llptx.com

*/s/ Kimberly A. Chojnacki*
Kimberly A. Chojnacki